**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mary HOOKANO, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dunstan M. BANAAY, Defendant–Appellant.**

Nos. 90–10151, 91–10152.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 1992 *.

Decided Feb. 25, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Birney Bervar and Donna M. Gray, Asst. Federal Public Defenders, Honolulu, Hawaii, for defendants-appellants.

Philip M. Payne, Jr., Sp. Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before CHAMBERS, Senior Circuit Judge, FARRIS and POOLE, Circuit Judges.

FARRIS, Circuit Judge:

In a consolidated appeal, Dunstan Banaay and Mary Hookano appeal their misdemeanor convictions for operating a car without a driver's license in violation of the Assimilative Crimes Act, 18 U.S.C. § 13(a), and Haw.Rev.Stat. § 286–102. Banaay and Hookano assert that the Magistrate considered past misdemeanor convictions to improperly enhance their sentences. We affirm.

The facts are uncontested. Both defendants were convicted of operating a car without a driver's license in violation of Haw.Rev.Stat. § 286–102 at a federal military installation. On May 8, 1990, Hookano was found guilty. The government established that Hookano had been convicted twice of the same offense in state court. On June 5, 1990, Banaay pleaded guilty to the same misdemeanor and the government also proved that he had been convicted of the same misdemeanor twice in state court. Both defendants were unrepresented in their prior convictions.

Magistrate Tokairin sentenced both defendants to: 1) a five hundred dollar fine, two hundred fifty dollars suspended; 2) thirty days in jail, twenty days suspended; and 3) one year probation. Both defendants contend that the Magistrate improperly used their prior misdemeanor convictions to enhance their punishment.

## DISCUSSION

The Assimilative Crimes Act provides:

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

(a) Whoever within [a federal enclave] ... is guilty of any act or omission, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, ... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of like offense and subject to a like punishment.

18 U.S.C. § 13 (1988). The Act is designed to "conform the criminal law of federal enclaves to that of the local law except in those instances in which a specific federal crime has been set forth." *United States v. Palmer,* 945 F.2d 246, 247 (9th Cir.1991).

■ Uncounseled misdemeanor convictions may not be used to enhance the sentence of a later conviction. *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). Baldasar had been convicted of a misdemeanor theft but had not been represented by an attorney. In a second conviction, the state introduced evidence of the uncounseled prior conviction and Baldasar received a higher sentence due to a repeat offender statute. *Id.* at 223, 100 S.Ct. at 1585. The Supreme Court reversed. An uncounseled misdemeanor conviction cannot be used collaterally to impose an increased prison sentence upon a repeat offender because the lack of counsel undermines the first conviction's reliability. *Id.* at 227–28 n. 2, 100 S.Ct. at 1587 n. 2 (Marshall, J., concurring).

■ Both Banaay and Hookano argue that the Magistrate's use of their prior uncounseled misdemeanor convictions violated their Sixth Amendment right to counsel as established in *Baldasar.* The government contends that the Magistrate

did not use the prior convictions to enhance the sentences, because the penalty for violating § 286–102 permits one month prison sentences regardless of the offender's prior history. *See* Haw.Rev.Stat. § 286–136.[1]

We have recently held that uncounseled tribal misdemeanor convictions are not grounds for an upward departure from the Sentencing Guidelines. *United States v. Brady,* 928 F.2d 844, 853–54 (9th Cir.1991). This case differs from *Brady,* however, because § 286–136 permits the sentences received by the two defendants.

■ *Baldasar* precludes sentences resulting from enhancements based on past uncounseled convictions. Federal courts enjoy sentencing discretion for "assimilative crimes so long as the sentence falls within the minimum and maximum sentence specified by state law ..." *United States v. Leake,* 908 F.2d 550, 553 (9th Cir.1990). The magistrate properly sentenced both defendants to one month, well below the statutory maximum. *See also State v. Hoglund,* 785 P.2d 1311, 1313 (Haw.1990) (declined to extend *Baldasar* if "no increased term of imprisonment was imposed" due to the first conviction.) The Magistrate did not use the prior convictions to enhance the sentence; he merely considered all relevant factors, including both defendants' prior history, before sentencing each to a jail term well within the penalty range.

AFFIRMED.

---

1. Section 286–136 provides: "Whoever violates [any of the traffic ordinances] shall be fined not more than $1,000 or imprisoned not more than one year, or both."