977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard K. GRAY HAWK, Defendant-Appellant.
 No. 91-30385.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 30, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leonard K. Gray Hawk appeals his sentence imposed under the United States Sentencing Guidelines ("Guidelines") following his guilty plea to burglary of a United States Post Office, in violation of 18 U.S.C. § 2115, and theft, in violation of 18 U.S.C. § 1153. Gray Hawk contends that the district court erred by relying on his prior uncounseled tribal convictions to depart upward from the applicable Guidelines range. We have jurisdiction under 28 U.S.C. § 1291 and vacate and remand for resentencing.
 
 
 3
 Where calculation of a defendant's criminal history under the Guidelines does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that he or she will commit further crimes, an upward departure from the Guidelines range may be appropriate. U.S.S.G. § 4A1.3. The Guidelines permits the district court to consider tribal offenses when determining whether a departure is warranted. U.S.S.G. § 4A1.3(a). Nevertheless, "uncounseled tribal misdemeanor convictions are not grounds for an upward departure from the Sentencing Guidelines." United States v. Hookano, 957 F.2d 714, 716 (9th Cir.1992); United States v. Brady, 928 F.2d 844, 854 (9th Cir.1991) (any prison term based on uncounseled tribal court convictions violates sixth amendment).
 
 
 4
 Here, Gray Hawk was convicted of 36 misdemeanor tribal offenses ranging from driving without a license to theft. The district court assumed that each tribal conviction was uncounseled. At sentencing, the district court examined Gray Hawk's tribal convictions and stated,
 
 
 5
 I do not, however, interpret the Sixth Amendment to prohibit consideration of uncounseled tribal convictions in assessing an accurate Criminal History designation.
 
 
 6
 ....
 
 
 7
 ... [I]t may be appropriate to consider the nature of, and motivating force behind, uncounseled convictions in imposing an appropriate sentence for a later offense.
 
 
 8
 ....
 
 
 9
 ... [H]e [Gray Hawk] has never altered his underlying pattern of behavior--a pattern that emerges once again in the instant case.
 
 
 10
 ....
 
 
 11
 The defendant has repeatedly placed himself at the mercy of the tribal court as a result of alcohol-related offense conduct. The sheer frequency and destructiveness of defendant's criminal offenses adjudicated before the tribal court indicate a degree of seriousness not accurately reflected in the Probation Officer's assessment of Criminal History.
 
 
 12
 ER at 45-48 (citations omitted).
 
 
 13
 The district court departed upward from the Guidelines by increasing Gray Hawk's criminal history category from V to VI. As a result, Gray Hawk's calculated sentencing range increased from 27-33 months to 30-37 months. The district court sentenced him to 37 months imprisonment.
 
 
 14
 The government argues that the district court's departure was proper because it was based on the fact that Gray Hawk had numerous tribal convictions and that he had not learned from or modified his behavior.[1] Nevertheless, these convictions were uncounseled misdemeanor tribal convictions and inappropriate as a basis for upward departure. See Hookano, 957 F.2d at 716. Thus, the district court violated Gray Hawk's sixth amendment rights by enhancing his sentence based on his uncounseled tribal misdemeanor convictions. See Brady, 928 F.2d at 854; Hookano, 957 F.2d at 716.[2]
 
 
 15
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, we deny appellant's request
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government relies on United States v. Fleishman, 684 F.2d 1329 (9th Cir.), cert. denied, 459 U.S. 1044 (1982). In Fleishman, the district court considered the defendant's prior uncounseled drug conviction in Mexico and enhanced the defendant's sentence. We affirmed the enhancement because it was not based on the fact of the conviction, but on the defendant's repeated involvement in drug activities. Id. at 1346. Nevertheless, the holding in Fleishman has not been extended to situations where the uncounseled convictions relied upon were tribal misdemeanors. See Brady, 928 F.2d at 854 n. 17 (we decline to address constitutionality of departure on basis of Fleishman )
 
 
 [2]
 The government argues that by precluding an upward departure based on a defendant's uncounseled tribal convictions, the district court's discretion would be improperly limited. Nevertheless, the district court may consider a defendant's uncounseled misdemeanor convictions to justify imposing a sentence at the high end of the Guidelines range. See Hookano, 957 F.2d at 716