**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roger Alan LEE, Defendant–Appellant.**

**No. 92–10473.**

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 1993 *.

Decided June 4, 1993.

---

\* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Arthur L. Allen, Asst. Federal Public Defender, Las Vegas, NV, for defendant-appellant.

Julian A. Cook, III, Asst. U.S. Atty., Las Vegas, NV, for plaintiff-appellee.

Before: HUG, WIGGINS and THOMPSON, Circuit Judges.

PER CURIAM:

Roger Alan Lee appeals his sentence under the Sentencing Guidelines of 20 months' imprisonment upon his conviction by guilty plea of counterfeiting obligations of the United States, in violation of 18 U.S.C. § 471. Lee argues that the district court erred in counting a sentence he received for an uncounseled misdemeanor battery conviction in determining Lee's criminal history category because even if constitutionally valid, such convictions may not be used for sentence enhancement under *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). The government responds that because Lee affirmatively waived any assistance of counsel, the conviction may be counted in determining Lee's criminal history. We agree with the government.

In *United States v. Brady,* 928 F.2d 844 (9th Cir.1991), we adopted Justice Marshall's view in *Baldasar* that " 'an uncounseled misdemeanor conviction may not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction.' " 928 F.2d at 854 (quoting 446 U.S. at 226, 100 S.Ct. at 1587 (Marshall, J., concurring)). While this statement appears to state a categorical rule that such convictions may not be used, such was not our holding. We held that "any term of imprisonment imposed on the basis of an uncounseled conviction *where the defendant did not waive counsel* violates the Sixth Amendment under *Baldasar.*" 928 F.2d at 854 (emphasis added; footnote omitted). We adopted the same qualified view of uncounseled misdemeanor convictions in *United States v. Niven,* 952 F.2d 289, 292 (9th Cir.1991). This qualification is implicit in *Baldasar* itself, which described the constitutional requirement in terms of the necessity that *the state offer* appointed counsel to assist the defense. *See* 446 U.S. at 224, 100 S.Ct. at 1586 (Stewart, J., concurring); *id.* at 226, 100 S.Ct. at 1587 (Marshall, J., concurring).

Although some of our cases categorically preclude sentence enhancement upon the basis of any uncounseled conviction, without discussing whether the conviction was uncounseled because the defendant knowingly and intelligently waived the assistance of counsel, *see United States v. Hookano,* 957 F.2d 714, 716 (9th Cir.1992); *United States v. Williams,* 891 F.2d 212, 214 (9th Cir.1989), *cert. denied,* 494 U.S. 1037, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990), those cases did not present the issue. In *Hookano,* the prior

convictions were not used to enhance the defendants' convictions, so it was unnecessary to inquire into their circumstances. *See* 957 F.2d at 716.[1] In *Williams,* the prior conviction at issue was not an uncounseled conviction, but rather a juvenile conviction; the defendant had assistance of counsel during the prior proceeding. 891 F.2d at 215 n. 6. In reciting the general rule that uncounseled convictions cannot be counted, these cases cannot be taken to stand for the proposition that they eliminate the exception to that rule for convictions obtained after a defendant has validly waived counsel.

The other circuits that have addressed this issue are unanimous in the view that a constitutionally valid uncounseled misdemeanor conviction may be considered for purposes of sentence enhancement. *See United States v. Thomas,* No. 92–2112 (8th Cir. April 7, 1993) (1993 WL 105111 at *3); *United States v. Nichols,* 979 F.2d 402, 415, 418 (6th Cir. 1992); *United States v. Castro–Vega,* 945 F.2d 496, 500 (2d Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993); *Black v. Florida,* 935 F.2d 206, 208 n. 12 (11th Cir.1991) (per curiam); *United States v. Eckford,* 910 F.2d 216, 220 (5th Cir.1990); *but see United States v. Norquay,* 987 F.2d 475, 482 (8th Cir.1993) *and Thomas,* 1993 WL 105111 (M.S. Arnold, J., dissenting). This circuit takes a more limited approach, barring such use unless it appears that the uncounseled conviction was a result of the defendant's knowing waiver of counsel's assistance. There was evidence that Lee waived representation by counsel in the proceeding resulting in the misdemeanor conviction. Because Lee has not met his burden of proving that his waiver of counsel was not knowing and intelligent, *cf. United States v. Newman,* 912 F.2d 1119, 1122 (9th Cir.1990) (defendant who collaterally attacks guilty plea conviction as constitutionally invalid has burden of proof) the district court properly counted the prior conviction. *See*

U.S.S.G. §§ 4A1.1(c), 4A1.2 comment. (backg'd); U.S.S.G.App. C ¶ 353 (1991).

AFFIRMED.

---

1. *Hookano* did not mention either *Brady* or *Niven,* prior circuit precedents construing *Baldasar,* but relied solely on *Baldasar.*