8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell B. WARREN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-36765.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 24, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell Warren, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction, following a jury trial, for possession of five grams or more of cocaine base, possession of a firearm during a drug trafficking crime, and being a felon in possession of a firearm. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Warren contends that (1) his conviction was obtained by the use of evidence resulting from an unconstitutional search and seizure, (2) his arrest was without probable cause, (3) he was denied the effective assistance of counsel at trial, and (4) his conviction was obtained by use of a substance ("cocaine base") not properly or clearly defined.
 
 
 4
 The first two issues were raised in Warren's direct appeal to this court, and denied on the merits. See United States v. Warren, No. 90-30083, unpublished memorandum disposition (9th Cir. Oct. 18, 1990). Therefore, we will not redetermine the merits of these claims. See Kaufman v. United States, 394 U.S. 217, 223-28 & n. 8 (1969); Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976).
 
 
 5
 Warren next contends that he was denied the effective assistance of counsel at trial. This contention lacks merit.
 
 
 6
 To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 7
 Warren claims that his counsel was ineffective at trial because (1) he did not raise an alibi defense to show that Warren could not have made the controlled drug buys to which a police officer testified at a pre-trial hearing, (2) he did not call any witnesses to contest the assertion by a police officer that Warren had been previously shot in a "turf war," (3) he did not produce Warren's brother Allen as a witness to testify that the drugs found on Warren's person were actually for Allen's consumption, and (4) he did not object to the use of Warren's prior misdemeanors in assessing Warren's criminal history score.
 
 
 8
 Warren cannot show that he was prejudiced by the first three claims of ineffective assistance because he himself testified about where the drugs came from and why he possessed them, and because the "turf war" and controlled drug buys were not referred to by the government in its case in chief.[1] See Warren v. United States, No. 91-30263, unpublished memorandum disposition (9th Cir. April 20, 1992).
 
 
 9
 His fourth claim of ineffective assistance, that his trial attorney's conduct was defective because he did not object to the use of two prior misdemeanors to enhance Warren's sentence, also fails.
 
 
 10
 In general, "[u]ncounseled misdemeanor convictions may not be used to enhance the sentence of a later conviction." United States v. Hookano, 957 F.2d 714, 716 (9th Cir.1992) (citing Baldasar v. Illinois, 446 U.S. 222, 223-24 (1980)). "In contrast, an uncounseled misdemeanor may be used to enhance a subsequent sentence where the lack of counsel is not due to the operation of law, but because the defendant knowingly waived his right to counsel." United States v. Niven, 952 F.2d 289, 292 (9th Cir.1991). "The constitution is implicated where the defendant is tried, over his objection, without state provision of counsel." Id. (citing Scott v. Illinois, 440 U.S. 367, 369-70 (1979)).
 
 
 11
 "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. Therefore, we review the record to determine whether there were any "objective indicia indicating that the prior convictions were uncounseled." Cook v. Lynaugh, 821 F.2d 1072, 1079 (5th Cir.1987).
 
 
 12
 Here, there are no objective indicia in the record to indicate that the two prior misdemeanors challenged were uncounseled.[2] On the contrary, the presentence report specifically indicates that Warren was represented in both prior misdemeanors by the "Department of Assigned Counsel." Thus, counsel's failure to investigate the priors was reasonable under the circumstances. See Strickland, 466 U.S. at 691. There is no indication that Warren was tried, over his objection, without state provision of counsel. See Niven, 952 F.2d at 292. Given these circumstances, and the strong presumption that we must indulge that counsel's conduct fell within the "wide range of reasonable professional assistance," we do not find that the attorney's representation was defective. See Strickland, 466 U.S. at 687. Therefore, Warren's fourth claim of ineffective assistance of counsel also fails. See id.
 
 
 13
 Finally, Warren contends that his conviction for possession of cocaine base was error because "cocaine base" is a "substance that has not been properly or clearly defined" by statute. Specifically, he contends that the 21 U.S.C. § 841(b)(1) is void for vagueness because it does not properly define "cocaine base." This argument has been foreclosed by several prior rulings of this court. See United States v. Shaw, 936 F.2d 412, 416 (9th Cir.1991) (Congress and Sentencing Commission intended "cocaine base" to include "crack" or "rock cocaine" which is understood to mean cocaine that can be smoked); see also United States v. Harding, 971 F.2d 410, 414 (9th Cir.1992) (statute not unconstitutionally vague because cocaine and cocaine base are objectively distinguishable), cert. denied, 113 S.Ct. 1025 (1993); United States v. Van Winrow, 951 F.2d 1069, 1072 (9th Cir.1991) (statute not void for vagueness); United States v. Malone, 886 F.2d 1162, 1166 (9th Cir.1989) (discussing constitutionality of statute treating fifty grams of cocaine base as five grams of cocaine). Accordingly, the district court did not err by denying Warren's § 2255 motion.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The evidence regarding the controlled drug buys and the assertion that Warren had been shot in a "turf war" were raised in the pretrial motion to suppress the evidence. This court has previously upheld the district court's denial of the suppression motion on direct appeal. See Warren v. United States, No. 91-30263, unpublished memorandum disposition (9th Cir. April 20, 1992)
 
 
 [2]
 Warren received fines on both priors. Therefore, he was not constitutionally entitled to counsel on these charges. See Argersinger v. Hamlin, 407 U.S. 25, 37-40 (1971) (no accused may be deprived of his liberty as the result of a misdemeanor criminal prosecution, in which he was denied the assistance of counsel)