134 F.3d 380
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo GARAY-BURGOS, Defendant-Appellant.
 No. 97-10188.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 16, 1998.**
Decided Jan. 28, 1998.
 
 1
 As Amended on Denial of Rehearing and Suggestion for
 
 
 2
 Rehearing En Banc April 14, 1998,
 
 
 3
 Before: WIGGINS, NOONAN, and TASHIMA, Circuit Judges
 
 
 4
 ORDER*
 
 
 5
 Arturo Garay-Burgos interlocutorily appeals the district court's denial of his motion to dismiss an indictment on double jeopardy grounds. Under the "collateral order exception," this Court has jurisdiction to consider interlocutory appeals of double jeopardy claims. See Abney v. United States, 431 U.S. 651, 662 (1977). This is not such a claim.
 
 
 6
 Garay-Burgos claims that his prior deportation proceeding subjected him to double jeopardy and that it cannot, therefore, be used to prove an element of the crime with which he is charged in this case--reentering the United States after having been deported for the commission of an aggravated felony. However, Garay-Burgos does not claim that this trial subjects him to double jeopardy, except in the derivative fashion that his deportation subjected him to double jeopardy and that this trial depends on the lawfulness of his deportation. While Garay-Burgos might have a right to challenge the lawfulness of his deportation proceeding in an appeal arising from a conviction in this case, see United States v. Mendoza-Lopez, 481 U.S. 828, 839 (1987), the Court sees nothing in Mendoza-Lopez that authorizes it to consider this question in an interlocutory appeal.
 
 
 7
 DISMISSED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3