134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Gene PLOUTZ, Defendant-Appellant.
 No. 97-10093.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1998.**
Decided Jan. 30, 1998.
 
 Before: CHOY, SCHROEDER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ploutz appeals his convictions for Arson, 18 U.S.C. § 844(h)(1); Arson to Commit Another Felony, 18 U.S.C. § 844(i); and Mail Fraud, 18 U.S.C. § 1341.
 
 
 3
 The district court properly admitted evidence of a prior arson of Ploutz's property under Fed.R.Evid. 404(b). See United States v. Luna, 21 F.3d 874, 878 (9th Cir.1994). When seeking to admit evidence of a prior bad act in order to show intent, there must be similarity between the prior act and the crime charged. United States v. Bibo-Rodriguez, 922 F.2d 1398, 1402 (9th Cir.1991). Here, the Government proffered that it would show, and in fact presented, sufficient evidence of similarity between the two fires. The district court did not abuse its discretion in admitting the evidence under Rule 404(b) to show intent.
 
 
 4
 Ploutz also contends that the district court failed to properly instruct the jury that it must find that Ploutz specifically intended to commit mail fraud. However, the instruction given by the district court on the mail fraud count stated that the jury must find that the defendant "acted with the intent to defraud." Ploutz's contention on this point is without merit.
 
 
 5
 Ploutz also argues that the Government failed to prove a mailing for the purpose of executing a scheme to defraud. However, Ploutz does not contest the sufficiency of the mailing of the insurance check. "Under the mail fraud statute each mailing in furtherance of the scheme constitutes a separate violation." United States v. Poliak, 823 F.2d 371, 372 (9th Cir.1987). This mailing provides sufficient basis for Ploutz's conviction.
 
 
 6
 Ploutz argues that the Government failed to meet the interstate commerce requirement of 18 U.S.C. § 844(i). However, evidence was presented at trial that space in the Charter Mortgage Building was rented out to various commercial tenants at the time of the arson. The rental market "per se substantially affects interstate commerce." United States v. Gomez, 87 F.3d 1093, 1096 (9th Cir.1996). The Government adequately proved this element of the offense.
 
 
 7
 Ploutz objects to the district court's alteration of his proposed alibi instruction. However, Ploutz's proposed instruction did not provide a legal defense, because it did not account for the possibility that he could be convicted as an aider and abettor. See United States v. Vaandering, 50 F.3d 696, 702 (9th Cir.1995). The district court did not err in altering Ploutz's proposed offense to allow for his conviction as an aider and abettor.
 
 
 8
 Finally, Ploutz maintains that the district court erred in enhancing his sentence pursuant to U.S.S.G. § 2F1.1(b)(4), which provides an enhancement "[i]f the offense involved the conscious or reckless risk of serious bodily injury." Ploutz essentially argues that, because no one was actually harmed by the fire, his sentence should not be enhanced under § 2F1.1(b)(4). However, the guidelines speak of "risk" and not actual injury. Setting a fire in an urban area certainly poses a risk of harm to others. The district court did not commit clear error when it found that the setting of this fire, that burned for over an hour, was too fierce to be put out by the fire department, and caused an explosion, posed a "reckless risk of serious bodily injury."
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3