134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel MANARITE, Defendant-Appellant.
 No. 96-10577.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1997.
Decided Jan. 30, 1998.
 
 Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Samuel Manarite appeals his 125-month sentence imposed by the district court upon remand from this court. Manarite was convicted of money laundering in violation of 18 U.S.C. § 1956(a)(3)(A) and (B). Manarite contends that the district court erred in calculating his base offense level under U.S.S.G. § 2S1.1, and failed to state its reasons for the particular sentence it imposed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the sentence and remand for resentencing to the district court.
 
 A. The Base Offense Level Calculation
 
 3
 When the district judge advised the jury of the findings required to convict Manarite under § 1956(a)(3), the judge made the instruction in the disjunctive. The instructions stated that the jury should convict Manarite under § 1956(a)(3) if they found that he conducted his illegal activity:
 
 
 4
 with the intent: (A) to promote the carrying on of specified unlawful activity, or (B) to conceal or disguise the nature, location, source, ownership or control of property believed to be the proceeds of specified unlawful activities....
 
 
 5
 As a result, there is no indication of whether Manarite's conviction under § 1956(a)(3) was pursuant to subdivision (A), (B), or both.
 
 
 6
 Under U.S.S.G. § 2S1.1 a base offense level of 23 applies if a defendant is convicted under 18 U.S.C. § 1956(a)(3)(A), otherwise a base offense level of 20 applies.[1] Manarite argues that because the jury did not return a special verdict indicating whether it found him guilty of § 1956(a)(3)(A) or (B), the district court could not apply the higher base offense level. We agree.
 
 
 7
 In the absence of a special verdict, there was no way for the sentencing judge to know which subdivision of § 1956(a)(3) was the basis for Manarite's conviction and what base level should govern sentencing.
 
 
 8
 The government had a duty to seek a special verdict in this case because it was necessary in order to determine the sentence to be imposed. United States v. Garcia, 37 F.3d 1359, 1370 (9th Cir.1994), cert. denied, 514 U.S. 1067 (1995). The sentencing court cannot speculate as to which object of § 1956(a)(3) the jury found to support Manarite's conviction because to do so would invade the province of the jury. Id. Hence, we vacate Manarite's sentence and remand to the district court for resentencing. The district court may consider whether an enhanced sentence is justified on the basis of related conduct.
 
 
 9
 We find it unnecessary to reach the other issue raised in this appeal.
 
 
 10
 Sentence VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 A base offense level of 20 results in a lower sentencing range (77-96 months) than a base offense level of 23. An offense level of 23, with a two-point enhancement based on Manarite's role as a manger or leader and Manarite's "V" Criminal History Category, leads to a sentencing range of 100-125 months