134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Gerardo MURILLO-CONTRERAS, Defendant-Appellant.
 No. 96-10248.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1997.**
Decided Feb. 2, 1998.
 
 Before: BROWNING, PREGERSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus Murillo-Contreras appeals his conviction and sentence for illegal reentry after deportation subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(b)(1). His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and a concurrent motion to withdraw as counsel of record. We affirm the sentence imposed by the district court.
 
 
 3
 A district court's determination that a prior conviction may be used in computing a guideline sentence is reviewed de novo. See United States v. Allen, 88 F.3d 765, 771 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1565 (1997). However, we review for clear error a district court's factual findings with respect to the sentence imposed. See United States v. Hanna, 49 F.3d 572, 576 (9th Cir.1995).
 
 II.
 
 4
 Due process requires that a defendant not be sentenced based on materially incorrect or incomplete information. See, id. at 577. Although the district court may adopt the factual findings set forth in a presentence report, the court may not "adopt conclusory statements unsupported by the facts or the Guidelines." United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992).
 
 
 5
 While due process does not require that the district court hold an evidentiary hearing to establish the veracity of every part of the presentence report challenged by a defendant, it does require that no undue weight be given to such challenged information to enhance a sentence. See Farrow v. United States, 580 F.2d 1339, 1360 (9th Cir.1978). Thus, "a sentence will be vacated on appeal if challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." Id. at 1359.
 
 
 6
 Applying these standards to the claims brought by Murillo-Contreras, we affirm the sentence imposed by the district court.
 
 
 7
 We affirm the district court's adoption of paragraphs 26 and 27 of the presentence report. Although we are troubled by the prosecution's failure to produce a certified copy of the convictions alleged in these paragraphs, the failure to do so does not necessarily preclude the district court from finding these convictions valid. In making its own sentencing calculations, the district court can include convictions alleged in the presentence report as long as the government has proven each of these convictions by a preponderance of the evidence. See United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990).
 
 
 8
 Murillo-Contreras does not contend that he served the full twelve months of his substance possession sentence alleged in paragraph 26. Indeed, he admits to the conduct underlying the tampering with a vehicle charge alleged in paragraph 28, conduct which could not have occurred if he had served his entire sentence. Thus, the district court reasonably concluded that Murillo-Contreras was the individual convicted of both the substance possession and the stolen property charges.
 
 III.
 
 9
 Murillo-Contreras further objects to the district court's two-point criminal history increase based on the tampering with a vehicle charge listed in paragraph 28 because, he claims, he was not represented by an attorney at the time he entered a plea and was sentenced. The presentence report is silent as to whether Murillo-Contreras was represented by an attorney for this crime. It merely says that "[a]dditional case details and information regarding attorney representation are unavailable."
 
 
 10
 A defendant may collaterally challenge a previous conviction in which he was without counsel on the ground that he was denied his Sixth Amendment right to counsel. See Custis v. United States, 511 U.S. 485 (1994); Allen, 88 F.3d at 765. Murillo-Contreras makes no such claim here. Rather, he has carefully crafted his argument to allege only that he was without counsel when he pleaded guilty to tampering with a vehicle. Notably absent from Murillo-Contreras's brief is any argument that he did not validly waive his right to counsel.[1] Absent this claim and absent any allegation of a constitutional violation, the district court was entitled to rely on the conviction described in paragraph 28 of the presentence report.
 
 
 11
 Moreover, we reject Murillo-Contreras's contention that the information contained in paragraph 28 was "false or unreliable" under Farrow, 580 F.2d at 1359. Whether the information regarding attorney representation was in fact "unavailable" does not matter unless that information could have potentially caused the district court to reject that portion of the presentence report which served as a basis for the sentence. Because Murillo-Contreras has made no such allegation, we find he has no claim under Farrow.
 
 
 12
 Accordingly, we affirm the district court's adoption of paragraph 28 in formulating its sentence.
 
 IV.
 
 13
 Counsel for Murillo-Contreras has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In doing so, he alleges that "[a]fter a diligent, thorough and conscientious search of the entire record, other than the issues raised previously in this appeal, Counsel for Appellant cannot find any additional meritorious and colorable claim or issues of law and therefore an appeal may be frivolous...."
 
 
 14
 We deny this motion. As this court has found, "[a]n indigent appellant is constitutionally entitled to counsel who acts as an active advocate rather than as amicus curiae." United States v. Griffy, 895 F.2d 561, 562 (9th Cir.1990) (citing Anders, 386 U.S. at 744). Thus, Anders limits the ability of appointed counsel to withdraw from an appeal. Specifically, counsel must conclude that, after a conscientious review of the record, his case is "wholly frivolous." Anders, 386 U.S. at 744.
 
 
 15
 Counsel has made no such claim here. Rather, he seeks to both argue the merits of his case and, if this panel finds against his client on those issues, withdraw because the case is without merit. Anders does not allow such a motion and we reject it here.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We have previously held that an uncounseled conviction may be used for sentencing purposes where that conviction "was a result of the defendant's knowing waiver of counsel's assistance." United States v. Lee, 995 F.2d 887, 889 (9th Cir.1993). Thus, even if Murillo-Contreras was without counsel, his conviction does not necessarily violate the constitutional right to counsel