134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Levon MISIRLI, aka Levon Misirlian, Defendant-Appellant.
 No. 96-50630.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1998.
Feb. 3, 1998.
 
 Before LAY,** GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Levon Misirli appeals his conviction and sentence for conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction over Misirli's appeal pursuant to 18 U.S.C. § 3742 (1994) and 28 U.S.C. § 1291 (1994). We affirm.
 
 I.
 
 3
 Misirli claims the district court improperly responded to a question the jury asked during their deliberation. During Misirli's trial, the government introduced evidence showing that in 1991, Misirli and a Drug Enforcement Agency (DEA) informant discussed the possibility of manufacturing the drug Captagon. During their deliberations, the jury asked the court a question concerning the legality of Captagon. The district court responded: "The question relevant to Captagon is not important because it is a non-issue." Misirli claims the jury asked the question in order to help them decide whether he was predisposed to engage in drug trafficking, and the district court failed to properly respond to the jury's question.
 
 
 4
 We review for abuse of discretion a district court's response to a question from the jury. See United States v. Warren, 984 F.2d 325, 329 (9th Cir.1993). The key inquiry on appeal is whether the district court gave the jury an adequate response to their question. See United States v. Miller, 688 F.2d 652, 662 (9th Cir.1982). We fail to see the harm alleged by the defendant. Captagon is a controlled substance in the United States. See 21 C.F.R. § 1308.11 (1997).[1] If the court had instructed on the fact of Captagon's status as a controlled substance, the evidence would have demonstrated further proof of Misirli's predisposition. The district court adequately instructed the jury to ignore the issue of Captagon's legality. Thus, we hold the district court acted within its discretion in responding to the jury's question.
 
 II.
 
 5
 Misirli argues he was entitled to acquittal as a matter of law because the government entrapped him. At the close of the government's case, Misirli moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The district court denied the motion.
 
 
 6
 We determine from the overall evidence that the court properly submitted the issue of entrapment to the jury. In review of a district court's denial of a motion for acquittal, we view the evidence in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "A defense of entrapment has two elements: government inducement of the crime and the absence of predisposition on the part of the defendant." United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). "Five factors are relevant in determining predisposition: (1) the character of the defendant, (2) who first suggested the criminal activity, (3) whether the defendant engaged in the activity for profit, (4) whether the defendant demonstrated reluctance, and (5) the nature of the government's inducement." Id. (citing United States v. Citro, 842 F.2d 1149, 1152 (9th Cir.), cert. denied, 488 U.S. 866 (1988)). We must decide whether Misirli presented "undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act" by the government, id. (quoting United States v. Hart, 963 F.2d 1278, 1283 (9th Cir.1992)), and, if so, whether the government proved "beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by [g]overnment agents." Id. (quoting Jacobson v. United States, 503 U.S. 540, 549 (1992)).
 
 
 7
 Although there exists evidence that the jury could find the DEA informant made an initial suggestion of criminal activity to Misirli, the evidence is nonetheless clear that Misirli was a ready and willing participant in the conspiracy. See Jacobson, 503 U.S. at 549-550. We conclude the government did not entrap Misirli as a matter of law, and Misirli was not entitled to acquittal.
 
 III.
 
 8
 Misirli claims the district court erred in denying him relief under the "safety valve" provision of Sentencing Guideline § 5C1.2. We review for clear error the district court's factual determination of a defendant's eligibility for relief under the safety valve. See United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996), cert. denied, --- U.S. ---, 117 S.Ct. 742 (1997). To qualify for relief under the safety valve provision, a defendant must meet several criteria, one of which is to truthfully provide to the government all information he or she has concerning the offense(s) that were part of the same course of conduct or of a common scheme or plan. See U.S.S.G. § 5C1.2. The evidence supports the district court's finding that Misirli failed to provide to the government all the information he had concerning his charged offense. Thus, the district court did not err when it denied Misirli relief under the safety valve provision.
 
 IV.
 
 9
 Misirli claims the district court erred in denying him a downward sentencing departure for being a minor participant. We review for clear error a district court's determination that a defendant's role in a charged offense was not minor. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). A minor participant is any participant who is less culpable than most other participants, but whose role could not be described as minimal. See U.S.S.G. § 3B1.2, cmt. n. 3; United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994) (holding the relevant comparison in determining whether a minor role reduction is appropriate is to the conduct of the co-participants in the case at hand). The district court denied Misirli's request for a minor participant reduction after concluding Misirli's role was at least equal to that of his co-participant. The evidence presented to the district court supports the district court's determination. Thus, the district court did not err in denying the downward departure.
 
 V.
 
 10
 Misirli contends he accepted full responsibility for his criminal conduct, and the district court erred in denying him a downward sentencing departure for this acceptance of responsibility. We review for clear error a district court's factual determination regarding a defendant's entitlement to an acceptance of responsibility reduction. See United States v. Felix, 87 F.3d 1057, 1060 (9th Cir.1996). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n. 5. After considering all of the evidence presented in this case, the district court determined Misirli did not qualify for an acceptance of responsibility adjustment. The evidence presented supports this determination.
 
 VI.
 
 11
 Misirli maintains the district court erred in denying his motion for a new trial because he presented newly-discovered evidence that shows the government used perjured testimony to convict him. We review for abuse of discretion a district court's denial of a motion for a new trial based on newly-discovered evidence. See United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). Misirli's argument is without merit. Misirli failed to present any evidence that the government used perjured testimony to convict him. The district court acted within its discretion when it denied Misirli's motion for a new trial.
 
 VII.
 
 12
 Finally, Misirli contends the district court erred in denying his motion for a new trial because the government failed to disclose a DEA file containing material information about him. Misirli claims the government violated its duty under Brady v. Maryland, 373 U.S. 83, 87 (1963), when it withheld the DEA file. This court reviews de novo a district court's denial of a motion for a new trial based on a Brady violation. See United States v. Steinberg, 99 F.3d 1486, 1489 (9th Cir.1996). Misirli's argument is without merit. Misirli failed to present evidence showing the file exists. Further, even if the file exists, the information Misirli claims the file contains is not material. Any failure by the government to disclose the file did not violate its duty under Brady v. Maryland.
 
 
 13
 AFFIRMED.
 
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Captagon is a name for fenethylline. Fenethylline is a central nervous system stimulant