**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James FITCH, Defendant—Appellant.**

No. 01–50506.

D.C. No. CR–01–01244–IEG.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted March 4, 2002 *.

Decided April 12, 2002.

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

## MEMORANDUM **

James Fitch contends the district court erred by including uncounseled misdemeanor convictions to calculate his criminal history score. We agree with the district court that the convictions may be included because the record indicates that Fitch waived his right to counsel. Accordingly, we affirm.

## DISCUSSION

The Sentencing Guidelines provide that certain misdemeanor convictions may be included for purposes of determining a

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, Fitch's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

defendant's criminal history. *See* U.S.S.G. § 4A1.2(c). Fitch does not contest that his misdemeanor convictions qualify under § 4A1.2(c). Rather, he argues for a categorical exclusion of uncounseled misdemeanor convictions that result in jail time. He bases his argument on a background statement to § 4A1.2 that "[p]rior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed." Thus, he argues by "negative implication" that uncounseled misdemeanors are not counted if a prison sentence was imposed.

We disagree. We have repeatedly held that an uncounseled misdemeanor conviction may be included for purposes of establishing a defendant's criminal history score when the record indicates that the defendant waived the right of representation. *See United States v. Allen*, 153 F.3d 1037, 1040–41 (9th Cir.1998); *United States v. Lee*, 995 F.2d 887, 889 (9th Cir.1993); *United States v. Niven*, 952 F.2d 289, 292 (9th Cir.1991). Fitch's reliance on the Second Circuit's decision in *United States v. Ortega*, 94 F.3d 764, 771 (2d Cir.1996), is misplaced. Although that court declared that § 4A1.2(c) "excludes from criminal history computations all uncounseled misdemeanor sentences of imprisonment ...," there was no argument in that case that the defendant had a right to counsel that he elected to waive. Thus, as we have noted, "some ... cases categorically preclude sentence enhancement upon the basis of any uncounseled conviction," but do so "without discussing whether the conviction was uncounseled because the defendant knowingly and intelligently waived the assistance of counsel." *See Lee*, 995 F.2d at 888.

■ Fitch argues alternatively that the government has the burden of proving that he waived his right to counsel in each of the contested convictions. We have previously rejected that argument by holding that the defendant has the burden of proof. *See Allen*, 153 F.3d at 1041; *Lee*, 995 F.2d at 889; *United States v. Newman*, 912 F.2d 1119, 1122 (9th Cir.1990). Fitch acknowledges these cases but argues that they "relied on a now-deleted portion of Application Note 6 of U.S.S.G. § 4A1.2 (1989) which placed the burden on the defendant to establish the unconstitutionality of a conviction." We have noted, however, that "the language [in Note 6] was deleted to make clear that the guidelines did not expand the right to collaterally attack a prior sentence ...," and thus the "[t]he amendment ... was not intended to reallocate the burden of proof." *See United States v. Kaneakua*, 105 F.3d 463, 467 (9th Cir.1997). Also misplaced is Fitch's reliance on *Farrow v. United States*, 580 F.2d 1339 (9th Cir.1979) (en banc), and *United States v. Debevoise*, 799 F.2d 1401 (9th Cir.1986). It is clear under those cases that "the petitioner bears the burden of proving that his waiver was not knowingly and intelligently made where the record shows that the trial judge offered and the petitioner declined counsel." *Farrow*, 580 F.2d at 1355.

■ Fitch also argues that the district court erred by finding that he waived his right to counsel. The court's finding, however, was based on dockets for each of the challenged misdemeanor convictions, indicating that Fitch was informed of his constitutional right to counsel, and "being specifically queried, voluntarily and intelligently waives: right to counsel ...." Although Fitch argues these dockets are "conclusory" and lack the actual transcript of the waiver inquiry, they are entitled to a presumption of validity. *See Allen*, 153 F.3d at 1041; *United States v. Mulloy*, 3 F.3d 1337, 1339 (9th Cir.1993). Fitch can-

not overcome that presumption "merely by pointing to a silent or ambiguous record." *Mulloy*, 3 F.3d at 1339. Finally, Fitch is not entitled to a remand for an evidentiary hearing. He has not indicated "what, if any, evidence or testimony he would present at such a hearing." *See United States v. Baramdyka*, 95 F.3d 840, 846 n. 5 (9th Cir.1996).

AFFIRMED.