UNITED STATES of America,
Plaintiff—Appellee,

v.

Jayson Allen COLEMAN, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Nathaniel William Norman,
Defendant—Appellant.

Nos. 04–30297, 04–30309.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2006.*

Decided Feb. 21, 2006.

Nancy D. Cook, Esq., Office of the U.S. Attorney, Coeur D'Alene, ID, for Plaintiff–Appellee.

William Matthew Butler, Esq., Harrison, ID, Frank Cikutovich, Stiley, Madel & Cikutovich, Patrick K. Stiley, Esq., Stiley &

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cikutovich, Spokane, WA, for Defendants–Appellants.

Before: LEAVY, RYMER and FISHER, Circuit Judges.

MEMORANDUM **

Nathaniel William Norman ("Norman") and Jayson Allen Coleman ("Coleman") appeal from the sentences imposed following their guilty pleas for violating numerous laws arising from a marijuana smuggling scheme. Both defendants were sentenced under the mandatory Sentencing Guidelines before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We have jurisdiction pursuant to 28 U.S.C. § 1291 and hold that enhancing Norman's sentence pursuant to his ringleader status did not violate the Sixth Amendment, because he admitted to his role in the offense. We further hold that enhancing Coleman's sentence as a result of the district court's drug quantity finding was a violation of Coleman's Sixth Amendment rights because the Sentencing Guidelines were presumed mandatory. We hold that the district court properly computed and considered Coleman's prior criminal history. Because the parties are familiar with the facts, we do not recite them in detail.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. To the extent that Norman challenges his sentence based on a firearm enhancement, we note that he did not object to the PSR, which indicated that he possessed firearms. In any event, we leave this matter to the district court to address on remand.

### Norman

Pursuant to a written plea agreement, Norman pled guilty to five counts of the indictment. The district court, relying on the Presentence Investigation Report ("PSR"), calculated Norman's adjusted offense level to be 40, which reflected a four level ringleader enhancement under U.S.S.G. § 3B1.1(a). Additionally, Norman received a three level downward departure for acceptance of responsibility under § 3E1.1(b) and a four level downward departure pursuant to the government's § 5K1.1 motion for substantial assistance.

Norman's Sixth Amendment challenge to his sentence, on the ground that the district court improperly applied a ringleader enhancement, fails because he admitted in his plea agreement and at the sentencing hearing that he was the "organizer and leader" of the drug smuggling operation. Facts admitted by the defendant may properly be relied upon by the district court when sentencing.[1] *See Booker*, 125 S.Ct. at 756.

Because he did not raise it before the district court, we do not consider Norman's challenge to the constitutionality of the Guidelines as violative of the separation of powers doctrine. *See United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir.1991).

### Coleman

Coleman pled guilty to two counts of the indictment pursuant to a written plea agreement. Like Norman, Coleman received a three point downward departure for acceptance of responsibility and a four point departure for substantial assistance.

His sentence was enhanced based on drug quantity and his criminal history.

■ Coleman first objects to the district court's enhancement of his sentence based on drug quantity. Coleman and the government agreed that only 80 to 100 kilograms of drugs would be attributed to him. Nonetheless, over the parties' objections, the district court attributed 100 to 400 kilograms of marijuana to Coleman, resulting in a two point increase of Coleman's offense level. The district court improperly enhanced Coleman's sentence by attributing a drug quantity to him that he did not admit to in his plea agreement and that was not proven to a jury beyond a reasonable doubt. *See United States v. Ameline*, 409 F.3d 1073, 1076 (9th Cir. 2005) (en banc). Because Coleman was sentenced under mandatory Guidelines, this judge-made finding of fact violates Coleman's Sixth Amendment rights.[2] *See id.* at 1077–78.

We reject Coleman's second contention that the district court should not have used his frequenting conviction to calculate his criminal history score because that conviction was uncounseled and resulted in jail time. Coleman waived his right to counsel in the earlier proceeding and has not satisfied his burden of proving that this waiver was not knowing and intelligent. Therefore, the district court properly considered Coleman's frequenting offense to enhance his sentence. *See United States v. Lee*, 995 F.2d 887 (9th Cir.1993) (per curiam).

Because Coleman did not present the issue to the district court, we do not reach Coleman's final claim that the government violated its Fed.R.Crim.P. 16(a)(1)(D) obligation by failing to inform Coleman of his DUI offense. *See Flores–Payon*, 942 F.2d at 558.

*Remand*

■ Both Norman and Coleman were sentenced under the mandatory Guidelines. Since the sentencing and briefing, we have decided *United States v. Ameline*, 409 F.3d at 1086, which authorizes a limited remand for all pending direct criminal appeals implicating *Booker* error. *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (as amended). Limited remands in this case are appropriate, notwithstanding that the district court granted 5K1.1 downward departures to both defendants.[3] We remand to the district court to determine whether the sentences imposed would have been materially different had the court known that the Guidelines were advisory, and to proceed pursuant to *United States v. Ameline*, 409 F.3d at 1084.

**REMANDED.**

---

**2.** Because of the possibility of an *Ameline* remand, we do not now decide whether the Sixth Amendment violation, in this context, was harmless. *See Ameline*, 409 F.3d at 1079; *United States v. Garcia–Guizar*, 234 F.3d 483, 488 (9th Cir.2000).

**3.** The government's contention that neither Norman nor Coleman can establish "plain error" has been addressed in *Ameline* where we stated that we would remand to a district court to help us determine if a sentence imposed affects a defendant's substantial rights. *See Ameline*, 409 F.3d at 1078–79.