**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-4167

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN TYME HAWLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:17-cr-00219-H-1)

Argued: January 31, 2019                    Decided: March 26, 2019

Before WYNN, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by published opinion. Judge Wynn wrote the opinion, in which Judge Diaz joined. Judge Richardson wrote an opinion concurring in part and concurring in the judgment.

**ARGUED:** Jaclyn L. DiLauro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

WYNN, Circuit Judge:

Defendant Justin Hawley pleaded guilty to two counts of being a felon in possession of a firearm and two counts of distributing heroin. The district court sentenced him to fifty-seven months' imprisonment, in part because his criminal history included a prior sentence of thirty days' imprisonment for an uncounseled misdemeanor offense. Defendant argues that the district court contravened the Sentencing Guidelines in calculating his criminal history by counting the prior uncounseled misdemeanor that resulted in imprisonment. Finding no reversible error, we affirm Defendant's sentence.

I.

On August 8, 2017, a federal grand jury in the Eastern District of North Carolina returned a superseding four-count indictment charging Defendant with: (1) two counts of possessing a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) & 924; and (2) two counts of distributing heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). Thereafter, on November 6, 2017, Defendant pleaded guilty to all four counts.

On March 7, 2018, the district court conducted a sentencing hearing. Before sentencing, the United States Probation Office prepared a presentence report that calculated the Defendant's offense level and criminal history category. The Probation Office first determined that Defendant had an offense level of 19. Next, considering Defendant's prior offenses, the Probation Office determined that Defendant had a criminal history score of 10, and thus Defendant had a criminal history category of V. As

relevant here, the Probation Office added one point to Defendant's criminal history score because Defendant pleaded guilty in April 2015 to the misdemeanor offense of providing false information to a police officer and failure to wear a seatbelt. Defendant did not dispute—and therefore conceded for purposes of this appeal—that he validly waived his right to counsel in the proceedings giving rise to that conviction and that he was imprisoned for thirty days. Because Defendant had an offense level of 19 and a criminal history category of V, the Guidelines' advisory sentencing range was fifty-seven to seventy-one months' imprisonment for each of the four counts.

At his sentencing hearing, Defendant objected to adding a criminal history point for the misdemeanor offense of providing false information to a police officer. Defendant argued that because he was uncounseled—albeit voluntarily—and was imprisoned, the Guidelines precluded the district court from adding a point for that offense. To support this position, Defendant relied upon the Guidelines background commentary, which provides: "[p]rior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where *imprisonment was not imposed*." U.S.S.G. § 4A1.2 (background) (emphasis added). Without this additional point, Defendant would have had a criminal history score of 9 and a criminal history category of IV, and the Guidelines' advisory sentencing range would be forty-six to fifty-seven months' imprisonment.

At sentencing, the district court adopted the Probation Office's recommendation and rejected Defendant's reading of the background commentary. The court reasoned that the Guidelines required it to count the offense of providing false information to a

police officer because Defendant was sentenced to a term of imprisonment of at least thirty days. *See* U.S.S.G. § 4A1.2(c)(1). And though the background commentary explicitly contemplates counting prior uncounseled misdemeanors for which "imprisonment was not imposed," this reference is preceded by the word "including," indicating that the Guidelines do not exclude counting other valid convictions, like Defendant's voluntarily uncounseled misdemeanor which resulted in imprisonment. Thus, because Defendant was imprisoned for thirty days after pleading guilty to providing false information to a police officer, the court added one point for that offense. Thereafter, the court concurrently sentenced Defendant on all four counts to fifty-seven months' imprisonment—the bottom of the Guidelines' advisory range. Defendant timely appealed.

## II.

Before this Court, Defendant solely contends[*] that the district court misapplied the Guidelines in calculating his criminal history by counting his prior uncounseled misdemeanor that resulted in 30-days imprisonment.

---

[*] In his brief, Defendant also argued that the district court erred by adding three criminal history points for each of Defendant's prior state convictions of possessing a stolen firearm and of breaking or entering and conspiracy to commit breaking or entering of a building with intent to commit a felony or larceny. According to Defendant, the court erroneously considered the statutory post-supervisory release period in determining whether a conviction constitutes a term of imprisonment exceeding one year. U.S.S.G. §§ 4A1.1 & 4A1.2. But Defendant recognized that this position was foreclosed by *United States v. Barlow*, 811 F.3d 133 (4th Cir. 2015), and thus withdrew this contention at oral argument. Oral Argument at 8:50–9:00.

"On a challenge to a district court's application of the Guidelines, we review questions of law de novo and findings of fact for clear error." *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018) (citation omitted). In doing so, we discern the Guidelines' "plain meaning, as determined by examination of its language, structure, and purpose." *United States v. Strieper*, 666 F.3d 288, 293–94 (4th Cir. 2012) (citations and alterations omitted). "As in all cases of statutory interpretation, our inquiry begins with the text of the statute." *United States v. Ashford*, 718 F.3d 377, 382 (4th Cir. 2013) (citation omitted). We consider not only the Guidelines' text, but also the "commentary [which] explains the guidelines and provides concrete guidance as to how even unambiguous guidelines are to be applied in practice." *Stinson v. United States*, 508 U.S. 36, 44 (1993). And when the Guidelines provide "commentary [that] interprets a guideline provision or explains how a guideline is to be applied, the commentary is controlling . . . unless it: [1] violates the Constitution or a federal statute; [2] is inconsistent with the Guidelines; or [3] constitutes a plainly erroneous reading of the Guidelines." *Allen*, 909 F.3d at 674 (internal quotation marks omitted) (quoting *Stinson*, 508 U.S. at 37–38).

When computing a defendant's criminal history for sentencing, the Guidelines require the district court to count certain prior misdemeanor offenses, including Defendant's prior offense of providing false information to a police officer, "only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1). Defendant does not dispute that he was imprisoned for thirty days after pleading guilty to the misdemeanor offense of providing false information to a police

5

officer. Thus, under the plain language of Guideline 4A1.2(c)(1), Defendant's offense should be counted in calculating Defendant's prior criminal history. *See id.*

Nevertheless, Defendant argues that the district court erred in counting his uncounseled misdemeanor offense resulting in 30-days imprisonment because a "background" statement in the Guidelines commentary states that when courts count prior offenses, "[p]rior sentences, not otherwise excluded, are to be counted in the criminal history score, *including* uncounseled misdemeanor sentences where *imprisonment was not imposed*." U.S.S.G. § 4A1.2 (background) (emphases added). Appealing to the interpretive canon *expressio unius est exclusio alterius*, Defendant maintains that the negative implication of Guideline 4A1.2's background commentary barred the district court from counting prior uncounseled misdemeanor convictions for which *imprisonment was imposed*—even when, as here, a defendant validly waives his right to counsel.

Under the *expressio unius* canon, "expressing one item of an associated group or series excludes another left unmentioned." *N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017) (citation and alterations omitted). Though this canon can be an instructive tool for discerning legislative intent, the "force of any negative implication . . . depends on context." *Id.* (citation omitted). Therefore, the "*expressio unius* canon applies only when circumstances support a sensible inference that the term left out must have been meant to be excluded." *Id.* (citation and alterations omitted). The Guidelines do not support such an inference in this case.

Here, the background commentary provides a general rule that prior sentences are to be counted if they are "not otherwise excluded." U.S.S.G. § 4A1.2 (background). Although the background commentary identifies a specific application of this general rule—that uncounseled misdemeanors for which imprisonment was not imposed are to be counted—that specific application is preceded by the word "*including*." *Id.* (emphasis added). And "the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle." *Fed. Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941) (quoting *Phelps Dodge Corp. v. N.L.R.B.*, 313 U.S. 177, 189 (1941)). In other words, the term "including" as used here is an "introductory term for an *incomplete* list of examples." *Adams v. Dole*, 927 F.2d 771, 776 (4th Cir. 1991) (emphasis added); *see Include*, Black's Law Dictionary 880 (10th ed. 2009) ("The participle *including* typically indicates a partial list . . . ."). Because the background commentary, by its plain language, contemplates that it is providing a non-exhaustive list, an inference of negative implication is inappropriate. *See Jones v. Am. Postal Workers Union*, 192 F.3d 417, 426 (4th Cir. 1999) ("When 'include' is utilized in a statute, it is generally improper to conclude that entities not specifically enumerated are excluded." (alterations omitted) (quoting 2A Norman J. Singer, *Sutherland Stat. Const.* § 47.23 (5th ed. 1992))).

It is interesting to note that the regulatory history of the Sentencing Commission supports our determination of this issue. In February 1990, when the Sentencing Commission first proposed including background commentary to the relevant guideline, it explained that its intention was to make clear that "all sentences resulting from

7

*constitutionally valid* convictions . . . are counted." Sentencing Guidelines for United States Courts, 55 Fed. Reg. 5718, 5741 (proposed Feb. 16, 1990) (emphasis added). Additionally, excluding "prior sentences resulting from constitutionally valid convictions on the basis of whether the convictions were counseled or uncounseled would create wide disparity . . . [and] would deprive the court of significant information relevant to the purposes of sentencing." *Id.* Notably, the Commission provided the specific application of this general rule relied on by Defendant to make clear that the Commission "d[id] not believe the inclusion of sentences resulting from constitutionally valid, uncounseled misdemeanor convictions in the criminal history score [wa]s foreclosed by *Baldasar v. Illinois*, 446 U.S. 222 (1980)," *id.*—a Supreme Court opinion which was subsequently overruled, *see Nichols v. United States*, 511 U.S. 738, 748 (1994). Though the language of the background commentary was modified before its enactment in November 1990, the Commission reemphasized its intention to avoid "considerable disparity in guideline application" and to count those misdemeanor convictions "for which counsel constitutionally is not required." U.S. Sentencing Guidelines Manual app. C, amend. 353 (1990). Accordingly, because Defendant voluntarily proceeded without counsel in the prior proceeding—meaning that Defendant's constitutional right to counsel was not abridged and, therefore, that his misdemeanor conviction was "constitutionally valid"— the district court did not err in counting the prior misdemeanor conviction in determining Defendant's Guidelines' advisory range.

Defendant's voluntary waiver of his right to counsel in the prior proceeding also sets this case apart from the principal decision upon which Defendant relies—the Second

Circuit's decision in *United States v. Ortega*, 94 F.3d 764 (2d Cir. 1996). Defendant emphasizes that *Ortega* stated that "[a]lthough the [background commentary] does not expressly exclude uncounseled misdemeanor sentences in which imprisonment was imposed, the interpretive maxim *expressio unius est exclusion alterius*, coupled with the *constitutional problems* raised by such sentences, convinces us that [the background commentary] *excludes from criminal history computations all uncounseled misdemeanor sentences of imprisonment*, including those imposed after the revocation of a defendant's probation." *Id.* at 770–71 (emphases added). But in *Ortega* the government "d[id] not contest" the defendants' assertions that they were imprisoned and "unavailingly sought" the assistance of counsel. *Id.* at 769. Of course, under the Sixth and Fourteenth Amendments, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense . . . unless he was represented by counsel at his trial." *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). Unlike *Ortega*, Defendant does not contest the constitutional validity of his waiver of the right to counsel in the prior proceeding. *See* Oral Argument at 2:55–3:00, 5:20–5:25. And if Defendant *did* contest the constitutional validity of his prior waiver, he could have collaterally attacked that waiver in the instant sentencing proceeding. *See United States v. Hondo*, 366 F.3d 363, 365 (4th Cir. 2004); *see also Custis v. United States*, 511 U.S. 485, 496 (1994). Accordingly, this case does not invoke the "constitutional problems" that the Second Circuit confronted in *Ortega*. Put simply, *Ortega* is inapposite. *Accord United States v. Feliciano*, 498 F.3d 661, 666 (7th Cir. 2007); *United States v. Fitch*, 39 F. App'x 518, 520 (9th Cir. 2002) (unpublished).

9

## III.

In sum, the district court properly counted Defendant's prior voluntarily uncounseled misdemeanor offense of providing false information to a police officer for which he was sentenced to thirty days' imprisonment. Accordingly, we affirm Defendant's sentence.

*AFFIRMED*

RICHARDSON, Circuit Judge, concurring in part and concurring in the judgment:

I enthusiastically join my good colleague's opinion except for the analysis of regulatory history. That analysis relies substantially on language in the draft background commentary initially proposed by the Commission. Ante at 7–8. After receiving comments, the Commission discarded that proposed background commentary and adopted different language. *Compare* 55 Fed. Reg. 5718, 5741 (Feb. 16, 1990) (notice of proposed amendments), *with* 55 Fed. Reg. 19,188, 19,204–05 (May 8, 1990) (amendments submitted to Congress). That initial, unadopted background commentary provides no reliable interpretative guidance. What is more, the passing paragraph discussing it is unnecessary given the rest of my friend's analysis. So I join only the rest of the opinion.