**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4536**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID ELIJAH SMITH, a/k/a Miami Dave,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:16-cr-00120-D-11)

Submitted: May 31, 2019                     Decided: June 6, 2019

Before GREGORY, Chief Judge, and MOTZ and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Elijah Smith, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Elijah Smith appeals his convictions and 120-month sentence imposed following his guilty plea to transfer of a firearm to a prohibited person, in violation of 18 U.S.C. § 922(d) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Smith challenges the factual basis supporting his guilty plea and the procedural reasonableness of his sentence. Finding no reversible error, we affirm.

"Before entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "The district court possesses wide discretion in finding a factual basis, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 1572 (2018). In addition, "the district court may conclude that a factual basis exists from anything that appears on the record." *United States v. Ketchum*, 550 F.3d 363, 366-67 (4th Cir. 2008) (internal quotation marks omitted). Because Smith did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the challenge to the plea for plain error. *United States v. Lockhart*, 917 F.3d 259, 262 (4th Cir. 2019).

In its factual basis proffer, the Government alleged that Smith, a convicted felon, unlawfully possessed a firearm, which he then sold to his step-grandson, another known felon. And during the plea colloquy, Smith acknowledged both possessing and transferring the firearm at issue—admissions that "carry a strong presumption of verity."

*United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted).  Thus, we discern no plain error in the district court's finding that a factual basis supported Smith's guilty plea.

Turning to the sentencing challenges, we review for procedural reasonableness, applying a deferential abuse of discretion standard.  *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017).  In addition, when assessing issues relating to the Sentencing Guidelines, "we review questions of law de novo and findings of fact for clear error." *United States v. Hawley*, 919 F.3d 252, 255 (4th Cir. 2019).

First, Smith contests the district court's application of U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2016), which requires a four-level enhancement if the defendant "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." Based on testimony provided at the sentencing hearing, the district court determined that Smith knew that his step-grandson held a leadership role in a violent gang.  Because Smith had reason to believe that his step-grandson would use the firearm for felonious purposes, we agree that this evidence was sufficient to sustain the § 2K2.1(b)(6) enhancement.

Next, Smith complains that, at sentencing, the district court prevented him from orally objecting to various allegations in the presentence report.  Even assuming the court procedurally erred, our review of the record and the myriad objections Smith raises in his informal brief confirms that such error was harmless.  *See* Fed. R. Crim. P. 52(a); *United States v. Martinovich*, 810 F.3d 232, 242 (4th Cir. 2016).  Indeed, none of Smith's minor

3

quibbles with the presentence report undermines the district court's thorough sentencing explanation, which justified Smith's sentence based on the seriousness of the offenses, Smith's extensive criminal history, and the need to protect the public from Smith's criminal acts. *See* 18 U.S.C. § 3553(a)(1), (2)(A), (C) (2012). Thus, we conclude that any procedural error did not result in a longer sentence. *Martinovich*, 810 F.3d at 243.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4