**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4939**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

YARAI FUENTES QUINONES,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:17-cr-00071-IMK-MJA-2)

Submitted:  June 13, 2019                          Decided:  June 17, 2019

Before WYNN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Senior Litigator, Clarksburg, West Virginia, Kristen Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Jarod J. Douglas, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yarai Fuentes Quinones appeals the 36 month sentence imposed following her guilty plea to use of an unauthorized access device in violation of 18 U.S.C. § 1029(a)(2) (2012). Quinones argues that the district court erred in refusing to reduce her offense level by two levels for being a "minor participant in any criminal activity" pursuant to U.S. Sentencing Guidelines Manual § 3B1.2(b) (2016). We affirm.

"On a challenge to a district court's application of the Guidelines, we review questions of law de novo and findings of fact for clear error." *United States v. Hawley*, 919 F.3d 252, 255 (4th Cir. 2019) (internal quotation marks omitted). A minor participant "is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." USSG § 3B1.2 cmt. n.5. Application of the minor participant reduction is fact-specific and "based on the totality of the circumstances." USSG § 3B1.2 cmt. n.3(C). Quinones "bears the burden of proving, by a preponderance of the evidence, that [s]he is entitled to a mitigating role adjustment in sentencing." *United States v. Powell*, 680 F.3d 350, 358-59 (4th Cir. 2012) (internal quotation marks omitted), *superseded by regulation on other grounds as stated in United States v. Carbajal*, 717 F. App'x 234, 240 (4th Cir. 2018) (No. 16-4358).

A defendant may receive the minor participant reduction if he or she is "substantially less culpable than the average participant in the criminal activity." USSG § 3B1.2 cmt. n.3(C). "In other words, a sentencing court must compare the culpability of the defendant to her codefendants in the criminal enterprise for which she has been

2

convicted, not other defendants convicted of the same offense generally." *Carbajal*, 717 F. App'x at 240.

Quinones contends that she was a minor participant in the criminal scheme because she merely made purchases with cloned debit cards. She asserts that she did not plan anything, install the skimming devices, or clone the cards. Furthermore, she notes that she had no discretion—her coconspirators gave her a card and a store and told her to make purchases. Our review of the record reveals that the district court properly considered the appropriate factors and did not clearly err in finding that Quinones failed to establish that she was a minor participant in the criminal activity.

Accordingly, we affirm Quinones' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*