**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4580**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL RANKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Louise W. Flanagan, District Judge.  (2:14-cr-00003-FL-1)

Submitted:  August 29, 2019                          Decided:  October 22, 2019

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elisa Cyre Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina; Brian A. Benczkowski, Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, William A. Glaser, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Rankins appeals from the 135-month sentence imposed upon his guilty plea to armed bank robbery, 18 U.S.C. § 2113(a) (2012), claiming that his sentence is both procedurally and substantively unreasonable. We affirm.

This court "'review[s] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails consideration of both procedural and substantive reasonableness. *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014). The court first considers whether the district court committed significant procedural error, such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence imposed. *Gall*, 552 U.S. at 51. In evaluating the district court's application of the Guidelines, we review factual findings for clear error and questions of law de novo. *United States v. Hawley*, 919 F.3d 252, 255 (4th Cir. 2019).

If this court finds no procedural error, it also must evaluate the substantive reasonableness of the sentence, considering the totality of the circumstances. *Gall,* 552 U.S. at 51. A sentence within the correctly calculated Guidelines range is presumptively reasonable. *United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008). The burden rests with the defendant to rebut the presumption by demonstrating "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

2

Rankins first argues that the district erred by denying him a two-level reduction in his offense level for acceptance of responsibility. U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2016). This court "review[s] a district court's decision concerning an acceptance-of-responsibility adjustment for clear error[,] . . . giv[ing] great deference to the district court's decision because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (internal brackets and quotation marks omitted). To qualify for the two-level USSG § 3E1.1(a) reduction, "a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *Id.* (internal quotation marks omitted). Entry of a guilty plea does not automatically entitle a defendant to an acceptance of responsibility adjustment. *See* USSG § 3E1.1 cmt. n.3. We have reviewed the record and find no clear error in the district court's conclusion that Rankins failed to show that he was entitled to the reduction for acceptance of responsibility.

Next, Rankins argues that the district court improperly applied a two-level enhancement for obstruction of justice. USSG § 3C1.1. The obstruction of justice enhancement is appropriate when "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation . . . of the instant offense of conviction." USSG § 3C1.1. The enhancement specifically applies to "threatening, intimidating, or otherwise unlawfully influencing a co-defendant . . . directly or indirectly, or attempting to do so"; and "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the

3

official investigation or prosecution of the instant offense." USSG § 3C1.1 cmt. n.4(A), (G). Again, our review of the record discloses no error in the district court's decision to apply this enhancement, particularly in light of the court's specific crediting of Rankins' accomplice's testimony. *See United States v. Falesbork*, 5 F.3d 715, 722 (4th Cir. 1993) (district court has broad discretion at sentencing to weigh credibility).

Rankins also challenges the enhancement applied for his leadership role in the offense. If the defendant was an organizer, leader, manager, or supervisor in less-extensive criminal activity, the court should apply a two-level enhancement in offense level. USSG § 3B1.1(c). In determining whether to apply an enhancement for a defendant's leadership role, a court should consider: the defendant's exercise of decision making authority, the nature of his participation in the offense, recruitment of others, any claimed right to a larger share of the profits, the degree of participation in planning of the offense, the nature and scope of the offense, and the degree of control and authority exercised over others. *United States v. Agyekum*, 846 F.3d 744, 752 (4th Cir. 2017) (citing USSG § 3B1.1 cmt. n.4). We find no error by the district court in imposing this enhancement.

Rankins also challenges the substantive reasonableness of his sentence, citing his physical and mental health issues. The district court noted these issues, however, and ordered that Rankins undergo a comprehensive mental health assessment and recommended an intensive treatment program for addiction or dependency. Rankins has not overcome the presumption of reasonableness accorded his sentence. *See United States v. Montes-Pineda*, 445 F.3d at 379.

Finally, Rankins – who is represented by counsel – seeks to file a pro se supplemental brief. We have held that "an appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal." *United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018).

Based on the foregoing, we affirm Rankins' sentence. We deny Rankins' motions to file a supplemental pro se brief, and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*