**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4384**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN JASON HARSTINE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00346-D-2)

Submitted:  April 14, 2020                                        Decided:  July 8, 2020

Before DIAZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Jason Harstine appeals the 270-month sentence imposed following his guilty plea to various drug and firearm offenses. On appeal, he raises several challenges to the district court's application of the Sentencing Guidelines. Finding no error, we affirm.

Generally, "[w]e review sentences under a deferential abuse-of-discretion standard." *United States v. Dennings*, 922 F.3d 232, 235 (4th Cir. 2019) (internal quotation marks omitted). But "[o]n a challenge to a district court's application of the Guidelines, we review questions of law de novo and findings of fact for clear error." *United States v. Hawley*, 919 F.3d 252, 255 (4th Cir. 2019).

In calculating Harstine's criminal history score, the district court assigned 3 criminal history points for a North Carolina offense, committed when Harstine was 17 years old, for which he was convicted as an adult. Harstine argues that, had he been charged as a juvenile, the offense would not have counted against him. However, although he regards as unfair the decision not to charge him as a juvenile, he does not dispute—and we conclude—that, under the pertinent Guideline, the court properly scored this offense. *See* U.S. Sentencing Guidelines Manual § 4A1.2(d)(1) (2018).

Next, Harstine contends that, because the investigation into his drug trafficking conspiracy commenced a month after he finished serving a separate state sentence, the district court erroneously added two criminal history points for committing the instant offense while under a criminal justice sentence. *See* USSG 4A1.1(d). But the relevant question was when did the conspiracy occur, not when did the investigation begin, and

here, the record clearly contained evidence that the conspiracy overlapped with Harstine's state sentence. Thus, we reject this claim.

Turning to Harstine's offense level, "[w]e review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. In so doing, we afford great deference to a district judge's credibility determinations and how the court may choose to weigh the evidence." *United States v. Williamson*, 953 F.3d 264, 272-73 (4th Cir. 2020) (citation and internal quotation marks omitted). In addition, a court imposing sentence may "consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted).

Here, Harstine contests the district court's drug weight finding and application of enhancements for his role in the offense and maintaining a premises for purposes of distributing a controlled substance. *See* USSG §§ 2D1.1(b)(12), 3B1.1(b). At sentencing, the district court credited testimony from two law enforcement officers, who related information provided by two of Harstine's coconspirators. Based on evidence showing that Harstine arranged the logistics of drug transactions and directly exercised control over one of his associates, whom he used as a middleman between him and his customers, we conclude that the court properly applied the role-in-the-offense enhancement. *See United States v. Bartley*, 230 F.3d 667, 673-74 (4th Cir. 2000). And based on the court's finding that Harstine lived in a mobile home that he used both to package drugs and to serve, in effect, as a dispensary for his middleman, we agree with the court's decision to apply the

3

maintaining-a-premises enhancement.  *See* USSG § 2D1.1 cmt. n.17.  Finally, we discern no basis for disturbing the court's drug weight finding, which essentially amounted to a credibility determination to which we afford great deference.

Harstine also claims, for the first time on appeal, that the district court should have awarded him a one-level downward adjustment for acceptance of responsibility under USSG § 3E1.1(b).  That guideline gives the government "discretion to determine whether the defendant's assistance has relieved it of preparing for trial" by "timely notif[ying] [it] of his intention to enter a plea of guilty."  *United States v. Divens*, 650 F.3d 343, 346 (4th Cir. 2011) (cleaned up).  Because Harstine did not cooperate with law enforcement and requested four continuances before pleading guilty, the government did not abuse its discretion in declining to move for the additional adjustment.  *See* USSG § 3E1.1(b).  Therefore, we discern no error, plain or otherwise.  *See United States v. Muslim*, 944 F.3d 154, 167 (4th Cir. 2019) (providing standard of review for unpreserved Guidelines challenges).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4