**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4451**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

RYAN DETRELL ROBINSON,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cr-00227-D-1)

Submitted: August 31, 2020                 Decided: September 11, 2020

Before FLOYD, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Adam F. Hulbig, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Detrell Robinson pled guilty, without a plea agreement, to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924; possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1); using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924. At sentencing, the district departed upwardly from Robinson's advisory Guidelines range, pursuant to U.S. Sentencing Guidelines Manual §§ 5K2.2, 5K2.6, p.s. (2018), and sentenced Robinson to 204 months' imprisonment. At the end of the hearing, the court stated that, even if it erred in its Guidelines computations, it would alternatively impose the same 204-month term as an upward variant sentence.

On appeal, Robinson challenges his sentence, arguing that the grounds upon which the district court upwardly departed were already taken into account by the applicable Guidelines range. He also asserts he was denied effective assistance of counsel at sentencing. We affirm.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "We must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2018) (internal quotation marks omitted). In determining whether the district court properly applied the Guidelines, we review the court's factual findings for clear error and

2

questions of law de novo. *United States v. Hawley*, 919 F.3d 252, 255 (4th Cir. 2019). However, when a district court offers alternate and independent rationales for a sentence outside the Guidelines range, we will uphold the sentence if one of the justifications is reasonable even if another is faulty. *United States v. Evans*, 526 F.3d 155, 156 (4th Cir. 2008); *see also United States v. Rivera-Santana*, 668 F.3d 95, 104 (4th Cir. 2012) (holding that, even if district court erroneously departed upward from advisory Guidelines range, the asserted departure error was harmless "because the upward variance based on the [18 U.S.C.] § 3553(a) factors justified the sentence imposed").

In light of these principals and after review of the record on appeal and the parties' briefs, we conclude that Robinson fails to establish reversible sentencing error by the district court. Assuming without deciding that the district court erred in departing under USSG §§ 2K2.2, 2K2.6, such error was harmless. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382-83 (4th Cir. 2014) (addressing parameters of harmlessness review); *Evans*, 526 F.3d at 164-65 (holding that any error in application of upward departure Guideline was harmless because upward variance justified sentence imposed).

Here, the district court imposed that the 204-month prison term both as an upward departure and, alternatively, as an upward variant sentence in light of the nature and circumstances of Robinson's offense conduct, his history and characteristics, and the need for the sentence to reflect the seriousness of the offense, to impose just punishment, to incapacitate Robinson, and protect the public. 18 U.S.C. § 3553(a)(1), (2)(A)-(C). On appeal, Robinson offers no challenge to the upward variant sentence. Robinson has thus waived this issue by failing to raise it in his opening brief. *United States v. Palacios*, 677

3

F.3d 234, 244 n.5 (4th Cir. 2012); *see also Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to 'develop its argument'—even if its brief takes a passing shot at the issue.") (brackets and internal quotation marks omitted).

Finally, Robinson claims his defense attorney was ineffective because she failed to present at sentencing information she possessed establishing that Robinson was "innocent" of shooting the victim on January 10, 2018. Robinson does not identify the information he alleges trial counsel possessed.

Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255, in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Robinson concedes that the record does not conclusively show that counsel was ineffective. Therefore, Robinson should raise this claim, if at all, in a § 2255 motion. *Faulls*, 821 F.3d at 508.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*