**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4955**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES JUNIOR ANDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, Chief District Judge. (7:19-cr-00028-BO-1)

Submitted: September 29, 2020                    Decided: October 6, 2020

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Tamika Griffin Moses, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Junior Anderson appeals his 55-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Anderson contends that the district court erred in applying a Sentencing Guidelines enhancement for possessing a firearm in connection with another felony offense. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). For the reasons that follow, we vacate Anderson's sentence and remand for resentencing.

"On a challenge to a district court's application of the Guidelines, we review questions of law de novo and findings of fact for clear error." *United States v. Hawley*, 919 F.3d 252, 255 (4th Cir. 2019) (internal quotation marks omitted). The Guidelines provide that a four-level enhancement applies if, among other things, the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B).

> [A] firearm is possessed in connection with another offense if the firearm facilitated, or had the potential of facilitating the other offense. This requirement is satisfied if the firearm ha[d] some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor[.] But the requirement is not satisfied if the firearm was present due to mere accident or coincidence.

*United States v. Jenkins*, 566 F.3d 160, 162-63 (4th Cir. 2009) (footnote, citations, and internal quotation marks omitted); *see* USSG § 2K2.1 cmt. n.14(A).

Initially, we disagree with Anderson's argument that the evidence was insufficient to establish that he committed a separate felony offense. Rather, we conclude that the facts presented at sentencing supported—though in no way compelled—the finding that

2

Anderson and two others conspired to obtain and possess illegal drugs. Thus, we reject Anderson's suggestion that the enhancement could apply only if the Government adduced evidence that he directly possessed or controlled an illicit substance. *See United States v. Ashley*, 606 F.3d 135, 142-43 (4th Cir. 2010) (discussing coconspirator liability).

However, we agree with Anderson's contention that the district court procedurally erred by not specifically addressing the facilitation element. Where, as here, the other felony offense is a drug possession crime—as opposed to a drug trafficking crime—a sentencing court cannot presume that the facilitation element is satisfied simply because the defendant's firearm was found near illicit substances. *United States v. Bolden*, 964 F.3d 283, 287-88 (4th Cir. 2020). Instead, the court must make an "express finding of 'facilitation.'" *Id.* at 288. Absent such a finding, we may affirm the enhancement only if "the potential for facilitation [is] so obvious from the record that we may [confidently] assume the district court's fact-finding role." *Id.*

Here, the district court summarily overruled Anderson's objection to the enhancement without explaining why it believed Anderson's firearm facilitated or had the potential of facilitating the separate drug offense. And, based on our review of the record, we cannot conclude that the evidence of facilitation was so obvious that we can simply assume the district court's role as factfinder. For these reasons, "we are unable to review the application of § 2K2.1(b)(6)(B)." *Id.* at 289.

Accordingly, we vacate Anderson's sentence and remand for resentencing.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] In light of this disposition, we need not reach Anderson's other procedural reasonableness argument addressed to the adequacy of the district court's sentencing explanation.