UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4693

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEANDRE EUGENE HARWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00370-WO-1)

Submitted:  May 26, 2021                     Decided:  June 14, 2021

Before NIEMEYER, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dennis E. Jones, DENNIS E. JONES, P.L.C., Abingdon, Virginia, for Appellant.  Matthew G.T. Martin, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leandre Eugene Harwell pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and was sentenced to 96 months' imprisonment. On appeal, Harwell challenges the district court's determination of his base offense level and the imposition of a sentencing enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. We affirm.

"On a challenge to a district court's application of the Guidelines, we review questions of law de novo and findings of fact for clear error." *United States v. Hawley*, 919 F.3d 252, 255 (4th Cir. 2019) (internal quotation marks omitted). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

Harwell first challenges the district court's determination of the drug quantity attributable to him. Specifically, Harwell claims the district court erred in calculating a base offense level of 24 by attributing to him at least 28 grams but less than 112 grams of cocaine base under U.S. Sentencing Guidelines Manual § 2D1.1(c)(8) (2018). Harwell concedes that the district court properly attributed to him 26.2 grams of cocaine base from a controlled purchase, but he argues that the court had insufficient evidence to conclude that the drug substance found in the hotel room occupied by Harwell and another person was in fact cocaine base. Harwell reasons that had the court found the substance in the hotel room was cocaine, as opposed to cocaine base, his offense level would have been 22.

2

*See* USSG § 2D1.1(c)(9) (directing base offense level of 22 for quantity of at least 22.4 but less than 28 grams of cocaine base).

"[This Court] review[s] the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Williamson*, 953 F.3d 264, 272 (4th Cir. 2020) (internal quotation marks omitted). "[T]he government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011). A district court enjoys "considerable leeway" in crafting drug quantity estimates and may "give weight to any relevant information before it . . . provided that the information has sufficient indicia of reliability to support its accuracy." *Williamson*, 953 F.3d at 273 (internal quotation marks omitted). We conclude that the district court did not clearly err in finding by a preponderance of the evidence that the substance in the hotel room was cocaine base, and accordingly holding Harwell responsible for at least 28 grams of cocaine base.

Harwell also challenges the district court's imposition of a two-level sentencing enhancement for "maintain[ing] a premises for the purpose of manufacturing or distributing a controlled substance," under USSG § 2D1.1(b)(12). Harwell maintains that the record did not definitively establish that he had access to or control over the room. Harwell further contends there was insufficient evidence of use of the hotel room to trigger a two-point enhancement under USSG § 2D1.1(b)(12).

> Among the factors the court should consider in determining whether the defendant "maintained" the premises are (A) whether the defendant held a

3

possessory interest in (*e.g.*, owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises.

Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

USSG § 2D1.1 cmt. n.17. In applying the enhancement, the district court found that Harwell had leased or rented the hotel room, that he sold drugs from the room, and that digital scales were found in the room. On this evidence, the district court did not err in applying the enhancement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*