**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4031

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DYTWAN DONNELLE CHAMBLEE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Louise W. Flanagan, District Judge.  (2:20-cr-00051-FL-1)

Submitted:  February 21, 2023                    Decided:  April 14, 2023

Before WILKINSON and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Dytwan Donnelle Chamblee of one count of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 2. The district court sentenced Chamblee to 132 months' imprisonment. His sentence included an enhancement for use of a firearm pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(B) (2021). Chamblee appeals his sentence, arguing that the Government failed to prove that firearms were used during the robbery and that the district court erred by finding that the use of firearms was reasonably foreseeable to him. We affirm.

The evidence established that two men—Chamblee's codefendant and an unidentified male—entered the Duck-Thru convenience store in Cofield, North Carolina, and robbed the store. Chamblee served as the getaway driver. The store employees testified that the two robbers had T-shirts covering their faces. One man pointed a gun at one of the employees; the other approached the cashier, pointed a gun at her, and demanded that she give him the money. He also ordered the two employees and three customers who were in the store to hand over their cell phones. After obtaining the money, the two men left the store, and Chamblee drove them away from the scene.

Chamblee contends on appeal that the Government failed to prove that the weapons used were firearms. In evaluating the district court's application of the Guidelines, we review factual findings for clear error and questions of law de novo. *United States v. Hawley*, 919 F.3d 252, 255 (4th Cir. 2019). A finding is clearly erroneous "when a district court's factual findings are against the clear weight of the evidence considered as a whole."

*United States v. Martinez-Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) (internal quotation marks omitted).

With these standards in mind, we conclude that the Government met its burden of establishing by a preponderance of the evidence that the robbers used firearms during the Duck-Thru robbery. *See United States v. Arbaugh*, 951 F.3d 167, 173 (4th Cir. 2020); *see also United States v. Hoelzer*, 183 F.3d 880, 883 (8th Cir. 1999) (upholding finding that defendant used a firearm during a robbery based on victim's testimony that assailant hit her in the back of the head "with an unknown-type firearm" (internal quotation marks omitted)). We therefore find no clear error in the district court's determination that firearms were used during the commission of the robbery.

Chamblee next argues that the district court erred by finding that the use of firearms by his accomplices was reasonably foreseeable to him and therefore enhancing his sentence under the relevant conduct Guideline, USSG § 1B1.3(a)(1)(B). The district court's factual determination that the use of firearms was reasonably foreseeable to Chamblee is reviewed under the clearly erroneous standard. *See Hawley*, 919 F.3d at 255. For certain crimes where firearms are frequently used, the foreseeability of a firearm's presence may be inferred from the nature of the crime. *See United States v. Burton*, 126 F.3d 666, 679 (5th Cir. 1997) (bank robbery); *United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989) (drug conspiracy); *see also United States v. Dixon*, 982 F.2d 116, 120 (3d Cir. 1992) (drawing conclusion that co-participant's use of firearm was reasonably foreseeable to defendant based on defendant's criminal history, which included "offenses of this nature"). Here, the district court found that the use of a firearm was reasonably foreseeable in a

3

Hobbs Act robbery. *See* USSG § 1B1.3 cmt. n.4(B)(i). This factual finding was not clearly erroneous.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*